IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Henderson

Plaintiff(s),

v.

City of Chicago et al

Defendant(s).

Case No. 14 c 1164
Judge Virginia M. Kendall

## ORDER

The City of Chicago's motion to dismiss Count I [39] is granted.

## STATEMENT

The City of Chicago moves to dismiss Count I of Anthony Henderson's Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Count I alleges that the City is liable for violations of Henderson's Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). For the reasons stated below, the City's motion is granted.

For the purposes of this Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts alleged in the Second Amended Complaint and draws all inferences in favor of Henderson. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). On or about September 24, 2013, fifteen Chicago Police officers entered Henderson's residence on the southwest side of Chicago with a warrant to search for drugs and guns. (SAC ¶ 17). No probable cause supported the warrant. (*Id.* ¶ 18). The officers searched the apartment in a manner that caused $4,000 in damage, but discovered only a small amount of contraband. (*Id.* ¶ 21). The officers used car keys that they found inside Henderson's residence to access and search Henderson's vehicles that were parked on the street. The vehicle searches produced nothing of an incriminated nature, but cause substantial damage to the cars. (*Id.* ¶ 22). After the search, Henderson was arrested and charged with an unspecified crime. (*Id.* ¶¶ 23-25). The charges were dismissed after a preliminary hearing. (*Id.* ¶ 26). On February 4, 2014, Chicago Police officers performed another search at Henderson's residence pursuant to a new search warrant that once again was not supported by probable cause. (*Id.* ¶ 27). The search produced no contraband and Henderson was not charged with any crime. (*Id.* ¶ 28). In May 2014, Chicago Police officers pulled Henderson over while he was lawfully operating his vehicle. Henderson was not charged with any crime as a result of the stop. (*Id.* ¶ 30). Henderson has filed complaints with the Chicago Police Department about the events described above, but the Chicago Police Department has taken no action as a result. (*Id.* ¶ 29). Henderson argues that the events above describe a "pattern of harassing conduct of the Chicago Police Department" and that that pattern "establishes the existence of a police which has inflicted injury upon [Henderson] in violation of 42 U.S.C. §1983." (*Id.* ¶ 33).

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must state a claim that is plausible on its face[.]" *Adams*, 742 F.3d at 728 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Adams*, 742 F.3d at 728 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must allege that all elements of its claim are satisfied, but cannot survive a Rule 12(b)(6) motion to dismiss by alleging only legal conclusions. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for municipal liability under *Monell*, the plaintiff must allege "that an official policy or custom not only caused the constitutional violation, but was the moving force behind it." *Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2008) (internal quotation marks omitted); *see also Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 306 (7th Cir. 2011) ("the premise behind a § 1983 action against a governmental body is the allegation that official policy is *responsible* for the deprivation of rights) (emphasis in original) (internal quotation marks omitted). Henderson argues that the City is liable under the strand of *Monell* that allows for municipal § 1983 liability for constitutional violations that are the result of a de facto policy that "although not officially authorized, is widespread and well settled" at the Chicago Police Department. *See Thomas*, 604 F.3d at 303. There is "no clear consensus as to how frequently conduct must occur to impose *Monell* liability," though it is well-established that a plaintiff must allege "more than one instance, or even three." *Thomas*, 604 F.3d at 303 (citing *Gable v. City of Chicago*, 296 F.3d 531, 538 (7th Cir. 2002)) ("[T]hree incidents where vehicle owners were erroneously told that their vehicles were not at Lot 6 do not amount to a persistent and widespread practice."). In short, "the factual allegations in [Henderson's] complaint must allow [the Court] to draw the reasonable inference that the City established a policy or practice" of intentionally arresting and subjecting Henderson to searches without probable cause and that that practice was the proximate cause of his injuries. *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011).

The SAC does not plausibly allege sufficient facts to state a *Monell* claim against the City. The only factual allegations supporting the existence of a widespread pattern are the three allegedly unconstitutional incidents described above. The conclusory allegation that those events were part of a pattern is insufficient to establish the existence of a widespread practice that caused Henderson's alleged constitutional injuries. *See McCauley*, 671 F.3d at 616. Henderson has alleged that police searched his residence twice with warrants that were not supported by probable cause and that he was pulled over once. Only the first search of his residence led to the filing of criminal charges. While the first two events are factually somewhat similar, these allegations are insufficient to establish a widespread pattern. *See Thomas*, 604 F.3d at 303 (allegations of two incidents of misconduct within a year "certainly fail[ed] to meet the test of a widespread unconstitutional practice"). Nothing about the events is so unique or related as to support the inference that they are part of a single pattern. Instead, the SAC relies on conclusory allegations in its attempt to force isolated allegations into the *Monell* framework. *Cf., e.g.*, *Starks v. City of Waukegan*, 946 F. Supp. 2d 780, 792 (N.D. Ill. 2013) (*Monell* claim dismissed when allegations amounted "to nothing more than conclusory boilerplate"). This is insufficient. *See Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) (to allow boilerplate *Monell* claim

to proceed "would be tantamount to allowing suit to be filed on a respondeat superior basis"). Thus, Count I of the SAC is dismissed for failure to state a claim under Rule 12(b)(6).

Date: April 29, 2015

_____
Virginia M. Kendall
United States District Judge